■ LAWRENCE SEGRETE, Respondent, v. HOME INSURANCE COMPANY OF NEW YORK, Appellant.— Order entered on July 21, 1960, denying defendant's motion to dismiss the amended complaint for insufficiency, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion to dismiss is granted, with $10 costs. In the attempt to state a cause of action for the reformation of a $10,000 fire insurance policy to show a change of interest from the vendor of a building to the vendee, before a fire occurred on the premises, plaintiff alleges that at the time of delivery of title the vendor assigned the fire insurance contract to plaintiff, that there was an adjustment of insur-

ance premiums, and that a licensed insurance broker was instructed to procure an indorsement showing the change of interest to plaintiff. It is further alleged that the broker — who is not asserted to have been an employee or representative of the insurer — inadvertently sent the request for a change to one who was believed to be a proper party and plaintiff was led to believe that a change of interest had been effected. Finally, it is alleged that defendant had knowledge of the transfer of title to the insured property and the assignment by the vendor to plaintiff of the insurance policy. From all this it appears clearly that defendant never gave its written consent to the assignment of the policy as was required by the terms of the policy and the Insurance Law (Insurance Law, § 168). Reformation could be obtained here if there was a mutual mistake. However, defendant is not charged with any mistake or having done any act which estops it from denying liability. The mistake, if any, was that of plaintiff and the broker who sent the notice to one not authorized by defendant to consent to the assignment. The broker was no agent of defendant, and his knowledge and actions are not imputable to the insurer. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.